IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIO G. RAMOS, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-13-3022 |
| | : | |
| WARDEN EBBERT., | : | (Judge Brann) |
| | : | |
| Respondent | : | |

## **MEMORANDUM**

March 30, 2015

**Background**

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was initiated by Mario G. Ramos, an inmate confined at Canaan Federal Prison Camp, Waymart, Pennsylvania (FPC-Canaan). Named as Respondent is FPC-Canaan Warden David Ebbert.

Following the filing of this matter, an Administrative Order was issued directing Petitioner to either submit an in forma pauperis application or pay the required filing fee. After Petitioner failed to either timely file an in forma pauperis application or pay the required filing a second Administrative Order was issued dismissing the case. However, a month later, the Petitioner's submission of the required filing fee appeared on the docket and Ramos filed a motion requesting

1

that his action be reopened. Since a notation on the docket reflected that the filing fee was timely received by the Court, Petitioner's motion requesting that his case be reopened was granted and service of the petition was ordered.

Petitioner claims entitlement to federal habeas corpus relief on the basis that the Federal Bureau of Prisons (BOP) has not properly calculated his sentence. Ramos states that he was initially arrested on October 24, 2002 in the Commonwealth of Pennsylvania on drug related charges. While his state charges were pending, federal drug trafficking and weapon charges were initiated against Petitioner in the United States District Court for the Eastern District of Pennsylvania.

After entering a guilty plea to the state charges, Petitioner was sentenced on April 29, 2003 to serve a 120 month term of incarceration. Ramos states that following a subsequent jury trial, he was convicted on the federal charges. He was sentenced in the Eastern District of Pennsylvania on September 14, 2004 to serve an aggregate 180 month term of confinement. Ramos notes that his federal sentence was ordered to run concurrently to the already imposed state sentence. See Doc. 1, p. 4.

Petitioner indicates that he completed service of his state sentence on October 25, 2012. After being transferred into federal custody, Ramos alleges that he discovered that the BOP had improperly calculated his federal sentence.

Specifically, Petitioner claims that his federal sentence should be computed as beginning on October 24, 2002.  See id. at p. 6.  Moreover, Ramos claims that he should be given federal sentence credit for the period from April 29, 2003 to September 13, 2004.[1]  See id. at Attachment A, p. 9.

Respondent states that Petitioner was previously awarded federal sentence credit from October 24, 2002 to April 28, 2003, a total of 187 days.  See Doc. 15, p. 2.  It is noted that an exhibit attached to the Petition concedes that Ramos was awarded said credit under United States v. Willis, 438 F.2d 923 (5th Cir. 1971).[2]  See  Doc. 1, Attachment C.

With respect to the remaining portion of time at issue herein, the Respondent contends that on November 14, 2014, the BOP made a further adjustment to Ramos' sentence and provided him with an additional 504 days of federal sentence credit, from April 29, 2003 to September 13, 2004. The Respondent concludes that since Petitioner has now been awarded federal sentence credit for the period of  October 24, 2002 (the date of his arrest on state charges) to September 13, 2004 (the day before his federal sentencing), his

---

[1]   Petitioner acknowledges that service of his federal sentence commenced on the date it was imposed, September 14, 2004.  See id., Attachment A, p. 10.

[2]   Under Willis, if the federal expiration full term date exceeds the expiration full term date of a concurrent state sentence time spent in custody prior to the first state sentence being imposed may be credited against service of the federal sentence.

3

pending petition is subject to dismissal on the basis of mootness.[3]  See  Doc. 15, p. 4.

## **Discussion**

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).  Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention."  Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).  More recently, in Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), the district court reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable."  Based upon the nature of Ramos' pending claim that his federal criminal sentence has not been properly calculated, this matter is properly brought under § 2241.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings.  Parties must continue to have a "'personal stake in the outcome' of the lawsuit."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422

---

[3] Respondent also notes that Ramos will be eligible for home detention on July 21, 2015 and his projected release date via good conduct time release is January 21, 2016.  See Doc. 15, p. 3.

U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

According to a declaration under penalty of perjury by BOP Attorney Advisor Michael Figgsganter and accompanying copies of Petitioner's BOP sentence computation records, which has been submitted by the Respondent, Petitioner has been awarded federal sentence credit for all time spent confined from the date of his arrest on state charges, October 24, 2002, to the day before his federal sentencing September 13, 2004. See Doc. 15-1, p. 5. Moreover, service of Ramos' federal sentence has been computed as beginning on September 14,

2004.  See id. at p. 8.

Since Ramos has been awarded all federal sentence credit sought by his pending action, under the principles set forth in Steffel, this matter is subject to dismissal as moot since it no longer presents an existing case or controversy.  An appropriate Order will enter.


BY THE COURT:
  s/   Matthew W. Brann
Matthew W. Brann
United States District Judge